UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)
ORDER

This Document Relates to:
Case No. 23-cv-3071 (*James George and Jomarie George v. 3M Company and Logan Health*)

This case is before the Court on James George and Jomarie George's Motion for Remand. For the reasons set forth below, the Court grants the motion.

The Georges brought this action in the Montana First Judicial District Court, Lewis and Clark County, against 3M Company and Logan Health. Asserting that the United States District Court for the District of Montana "has original subject-matter jurisdiction under 28 U.S.C. § 1332(a)," 3M removed the action from state court. *See* 28 U.S.C. §§ 1441, 1446.

In its Notice of Removal, 3M asserted that "[t]here is complete diversity of citizenship between all properly joined parties" and that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 3M stated that, "[a]t the time Plaintiffs commenced this civil action, and at all times since, 3M was and is a Delaware corporation with its principal place of business in Minnesota," *see id.* § 1332(c)(1); that the Georges are citizens of Montana; and that "[t]he Complaint does not plead the citizenship of Logan Health."[1] According to 3M, Logan Health's

[1] In their Complaint, the Georges alleged that Logan Health "is a Montana healthcare provider entity with its offices and principal place of business in . . . Montana." In a disclosure statement filed after the removal, Logan Health stated that it

citizenship should be disregarded because the Georges "fraudulently joined and fraudulently misjoined Logan Health." *Cf. Jallad v. Madera*, 784 F. App'x 89, 94 (3d Cir. 2019) ("Madera is a diverse party. Therefore, even if he had been fraudulently joined, his presence would not have destroyed jurisdiction, and he should not have been dismissed pursuant to that doctrine."). 3M maintained that the Georges cannot establish a cause of action against Logan Health; that the Georges "have no real intention in good faith to prosecute the action against Logan Health"; and that, in the alternative, the Georges' claims against Logan Health should be severed and remanded.

After the removal, 3M moved "to stay all proceedings in this case . . . pending transfer of this case to the United States District Court for the District of Minnesota as part of *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*." Logan Health moved for summary judgment. The Georges moved to remand the action to state court. Before the District of Montana heard the motions, the United States Judicial Panel on Multidistrict Litigation transferred the action to the District of Minnesota for inclusion in MDL No. 2666. *See* 28 U.S.C. § 1407.

After the transfer, the Georges moved to remand the action to state court.[2] They maintained that they did not fraudulently join Logan Health because they asserted viable claims against Logan Health and because they intend to pursue them. The Georges

"is organized under the laws of the State of Montana." *See* Fed. R. Civ. P. 7.1(a). A database on the website of the Montana Secretary of State indicates that Logan Health is a Montana corporation.

[2] The Georges asserted that their supporting memorandum "is verbatim the brief filed" in the District of Montana."

argued that severance is improper. Finally, they sought an award of attorney's fees and costs. *See id.* § 1447(c).

3M opposed the Georges' motion. 3M argued that the law of the Eighth Circuit applies to the motion; that Jomarie George's claim, "one for loss of consortium," is derivative of James George's claim and "is not viable for the same reasons [his] is not viable"; and that the Georges fraudulently joined Logan Health because they lack a viable cause of action against Logan Health and because they "do not intend to pursue their claims against Logan Health." If the action is remanded, 3M asserted that the Georges' request for an award of attorney's fees and costs should be denied because "3M had an objectively reasonable basis for removal."

Logan Health also opposed the Georges' motion. Logan Health asserted that it should be dismissed "as a fraudulently joined defendant." It "support[ed] 3M Co.'s opposition" and limited its response to "two key points." First, Logan Health stated that "there is no reasonable possibility that Montana would impose strict liability on [it] for using a disposable blanket to keep Mr. George warm during surgery." Second, Logan Health maintained that the Georges' "failure to comply with the Montana Medical Legal Panel Act . . . bars their claim against Logan."

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). A district court has original jurisdiction of a civil action "where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a)(1). "For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (quoting *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013)).[3] "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citation omitted); *see Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

"Whether a plaintiff has fraudulently joined a party to defeat diversity jurisdiction is a question of subject matter jurisdiction . . . ." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). "A party has been fraudulently joined when there exists no reasonable basis in fact and law to support a claim against it." *Hubbard*, 799 F.3d at 1227 (quoting *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014)); *see Johnson v. Midwest Div. - RBH, LLC*, 88 F.4th 731, 735 (8th Cir. 2023). "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on

---

3 "When a transferee court receives a case from the MDL Panel, the transferee court applies the law of the circuit in which it is located to issues of federal law." *In re Gen. Am. Life Ins. Co. Sales Pracs. Litig.*, 391 F.3d 907, 911 (8th Cir. 2004).

the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (footnote omitted).

"The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) (quoting *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012)). "[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. "[I]n its review of a fraudulent-joinder claim, the court has no responsibility to *definitively* settle the ambiguous question of state law." *Id.* "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977)). In certain circumstances, a court may "pierce the pleadings" to determine whether state law might impose liability on a nondiverse defendant. *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812–13 (5th Cir. 2021); *see GranCare, LLC v.*

*Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018); *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

In their Complaint, the Georges alleged that "3M and its predecessors developed a sales plan that utilized hospitals . . . as sellers of the Bair Hugger in the stream of commerce"; that, "[u]nder the sales model, Defendant 3M and its predecessors would lease the Bair Hugger warming unit for very low cost to the hospital and would sell the disposable warming blanket to the hospital for use in surgery"; and that "[t]he hospital would then mark up (increase) the cost of the disposable warming blanket substantially and sell the product to the patient for use during the surgery." They also alleged that, in May 2016, "James George underwent surgery during which a Bair Hugger was used during a total knee replacement surgery performed at Logan Health"; that "[c]ontaminants introduced into [his] open surgical wound due to the defects in the Bair Hugger during the subject surgery resulted in [him] developing a periprosthetic joint infection"; and that, as a result of the infection, he "has undergone additional surgical procedures . . . and is at risk for further significant complications and loss of function." They claimed that "Logan sold Plaintiff James George, for use by employees of Logan Hospital, a Bair Hugger blanket for use with the Bair Hugger patient warming system during his TKA"; that, "[a]s the retailer who sold the Bair Hugger blanket to the Plaintiff, Logan is a seller" under Mont. Code Ann. § 27-1-719; that the Bair Hugger is defective under § 27-1-719 "because its use in a total joint replacement surgery is dangerous to an extent beyond that anticipated by the ordinary user or consumer"; that "[t]he defective condition of Bair Hugger was a substantial contributing factor and legal cause of the

injuries sustained by Plaintiff"; and that "Logan, as seller of the medical device Bair Hugger, is strictly liable for the injuries and losses" experienced by the Georges. The Georges alleged that "the discovery rule should be applied to toll the running of the statute of limitations until Plaintiff knew, or through the exercise of reasonable care and diligence should have known, of facts indicating that Plaintiff had been injured, the cause of the injury, and the tortious nature of the wrongdoing that cause the injury." The Georges claimed that "Plaintiff did not learn, nor through the exercise of reasonable care and diligence should have learned, that the infection, and the subsequent injuries that he suffered as a result, were caused by, or were related to, the use of the Bair Hugger warming system until 2022."

*Seller*

3M and Logan Health asserted that the Georges lack a viable cause of action against Logan Health because Logan Health is not a "seller" under § 27-1-719, which states:

> A person who sells a product in a defective condition that is unreasonably dangerous to a user or consumer . . . is liable for physical harm caused by the product to the ultimate user or consumer . . . if . . . the seller is engaged in the business of selling the product; and . . . the product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Mont. Code Ann. § 27-1-719(1). "'Seller' means a manufacturer, wholesaler, or retailer." *Id.* § 27-1-719(9)(d). In cases similar to this one, two district courts in Montana concluded that a healthcare provider is not a "seller" within the meaning of § 27-1-719. *See Meuchel v. Davol Inc.*, No. DV-18-34, slip op. at 9 (Mont. 4th Jud. Dist.

Ct., Nov. 26, 2019) ("The Court follows jurisdictions that have determined that a hospital is a provider of medical services rather than a seller of a product and is not subject to strict liability for a defective product provided during the course of treatment."); *Rogers v. Bristol-Myers Squibb Co.*, No. DV 15-1204, 2017 WL 11722005, at *2 (Mont. 13th Jud. Dist. Ct., Oct. 13, 2017) ("The Court finds no compelling reason to deviate from the majority of courts that determine hospitals services to fall outside strict products liability statutes."). The District of Montana recently characterized a dispute about whether a hospital may be subject to a products liability claim as a "seller" under § 27-1-719 as "reasonable," rejected the assertion that a nondiverse hospital was fraudulently joined, and remanded the action to state court. *Burr v. Johnson & Johnson*, No. CV 23-35, 2023 WL 4235850 (D. Mont. June 28, 2023); *see Meuchal v. Davol, Inc.*, No. CV 19-116, 2019 WL 3887555 (D. Mont. Aug. 19, 2019). The Court concludes that there is "arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. The Court leaves the issue of whether Logan Health is a "seller" within the meaning of § 27-1-719 to the Montana state courts to decide. *See id.*

*MMLPA*

3M and Logan Health argued that the Georges' claims against Logan Health are barred because the Georges did not comply with the Montana Medical Legal Panel Act ("MMLPA"). *See* Mont. Code Ann. § 27-6-701. 3M asserted that the Georges "cannot maintain a cause of action against Logan Health because they did not file an application with the Montana Medical Legal Panel (MMLP) before initiating this action." In

granting the plaintiff's motion to remand in *Meuchal*, the District of Montana stated that "Montana has not 'settled' that a plaintiff must bring a products liability claim before the MMLP prior to filing a lawsuit." 2019 WL 3887555, at *4. After the action was remanded, the Montana Fourth Judicial District Court concluded that the plaintiff failed to state a claim against a medical facility based in part on its determinations that the plaintiff's "strict liability claim against a hospital for furnishing a defective product within the practice of providing medical services is covered under the MMLPA" and that "the MMLPA was not complied with in this case." *Meuchel*, slip op. at 9.[4] The Court concludes that there is "arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. The Court leaves the issue of whether the Georges must comply with the MMLPA to pursue their claims against Logan Health to the Montana state courts to decide. *See id.*

*Untimely*

"Courts have . . . recognized that a statute of limitations defense is properly considered in connection with a fraudulent joinder inquiry." *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006); *see GranCare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). 3M and the Georges disputed whether the Georges' claims are subject to the limitation period of Mont. Code Ann. § 27-2-204 or Mont. Code Ann. § 27-2-205 and whether their claims are timely under either section.

---

[4] The District of Montana and the Montana Fourth Judicial District Court use different spellings of the plaintiff's last name.

"[T]he period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years." Mont. Code Ann. § 27-2-204(1). Section 27-2-205 provides a 2-year limitation period for certain actions against a licensed hospital:

> Action in tort or contract for injury or death against . . . a licensed hospital . . . , based upon alleged professional negligence or for rendering professional services without consent or for an act, error, or omission, must . . . be commenced within 2 years after the date of injury or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs last, but in no case may an action be commenced after 5 years from the date of injury. However, this time limitation is tolled for any period during which there has been a failure to disclose any act, error, or omission upon which an action is based and that is known to the defendant or through the use of reasonable diligence subsequent to the act, error, or omission would have been known to the defendant.

*Id.* § 27-2-205(1).

"[A] claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action." *Id.* § 27-2-102(1)(a). "Unless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues. Lack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation." *Id.* § 27-2-102(2). If "the facts constituting the claim are by their nature concealed or self-concealing," "[t]he period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting

the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party." *Id.* § 27-2-102(3). Section 27-2-102(3) "does not apply to actions involving the limitations contained in 27-2-205." *Id.* § 27-2-102(4).

The Court concludes that there is "arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811; *see Selensky-Foust*, 510 P.3d 78, 83 (Mont. 2022); *Blackburn v. Blue Mountain Women's Clinic*, 951 P.2d 1, 12 (Mont. 1997). The Court leaves the issue of whether the Georges' claims against Logan Health are timely to the Montana state courts to decide. *See Filla*, 336 F.3d at 811.

*Intent to Prosecute*

3M contended that the Georges fraudulently joined Logan Health because they do not intend to prosecute their claims against Logan Health. In support, 3M stated that the Georges "did not file the required application with the [MMLP] prior to initiating their suit against Logan Health" and that they "delayed in bringing their claims against Logan Health until after the statute of limitations expired." 3M also cited other Bair Hugger cases in which the plaintiffs dismissed claims against medical providers before trial. The Court assumes without deciding that a plaintiff's lack of real intention to pursue a claim against a defendant may be a basis of fraudulent joinder. 3M has not demonstrated that the Georges lack any real intention to pursue their claims against Logan Health.

*Conclusion*

The Georges did not fraudulently join Logan Health. Thus, the Court lacks subject-matter jurisdiction and remands the action to state court. *See* 28 U.S.C.

§ 1447(c). The Court denies the Georges' request for an award of attorney's fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Georges' Motion for Remand [Docket No. 52] is GRANTED.

2. Case No. 23-cv-3071 is REMANDED to the Montana First Judicial District Court, Lewis and Clark County.

3. The Clerk of Court is directed to mail a certified copy of this Order to:

   Angie Sparks
   Clerk of Court
   Montana First Judicial District Court, Lewis & Clark County
   228 E. Broadway St.
   Helena, MT 59601

Dated: June 13, 2024

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge